```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF GEORGIA
                    AUGUSTA DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 116-042 |
| | * | |
| REGINALD E. BLOUNT | * | |

**O R D E R**

Defendant Reginald E. Blount seeks relief under the "compassionate release" provision of 18 U.S.C. § 3582(c)(1)(A). A response is not necessary. Upon due consideration, the Court denies Blount's request for relief.

The compassionate release provision of § 3582(c)(1)(A) provides a narrow path for a defendant in "extraordinary and compelling circumstances" to leave prison early. A reduction in sentence must be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement, explaining that a sentence reduction may be ordered where a court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. U.S.S.G. § 1B1.13. The application note

to this policy statement lists three specific examples of extraordinary and compelling reasons: (1) a medical condition; (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C). A fourth catch-all category provides: "**As determined by the Director of the Bureau of Prisons**, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D) (emphasis added).

In this case, the only possibly applicable category into which Blount may fall is a qualifying medical condition, particularly since the Director of the BOP has not determined he is eligible for relief. To qualify as extraordinary and compelling, an inmate's medical condition must be "serious and advanced . . . with an end of life trajectory, U.S.S.G. § 1B1.13, app. note 1(a)(i), or must be serious enough that it "substantially diminish[es] the ability of the [inmate] to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," id., app. note 1(a)(ii). Other than a generalized concern about the COVID-19 pandemic, Blount claims he has glaucoma, which increases his contact with surfaces. The CDC has not listed glaucoma as a risk factor that increases the severity of COVID-19. See Centers for Disease Control & Prevention, *People with Certain Medical Conditions,* available at https://www.cdc.gov/coronavirus/2019-ncov/need-

extra-precautions/people-with-medical-conditions.html (last visited on December 1, 2020).  Thus, Blount cannot establish that he has a serious medical condition because of his glaucoma.

In short, Blount bears the burden of demonstrating that compassionate release is warranted.  Cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (in the context of a motion to reduce under § 3582(c)(2)).  He has not done so.  Moreover, his generalized concern about possible exposure to COVID-19 is too generalized and speculative to qualify as extraordinary and compelling.  As the Third Circuit explained:  "[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive professional efforts to curtail the virus's spread."  United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).  Because Blount has not shown that his individual circumstances qualify him for relief, the Court must deny his motion.

Upon the foregoing, Defendant Reginald E. Blount's motion for compassionate release (doc. 104) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 2nd day of December, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3